STEVEN M. CASTLE ET AL. *v.* PLANNING AND ZONING
COMMISSION OF THE TOWN OF STONINGTON ET AL.

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued October 6—decided December 7, 1967

*Francis J. McNamara, Jr.,* with whom were *Duncan C. Smith* and, on the brief, *Joseph F. Regan,* for the appellants (plaintiffs).

*Palmer S. McGee, Jr.,* with whom was *Richard F. Corkey,* for the appellee (defendant Dorr-Oliver, Inc.).

*Joseph J. Purtill,* for the appellee (named defendant).

ALCORN, J. On petition of the defendant Dorr-Oliver, Inc., the defendant planning and zoning commission rezoned about sixteen acres of shorefront property on Long Island Sound from residential to manufacturing uses. The forty-four plaintiffs appealed to the Court of Common Pleas, and a trial began. During the first nine days of the trial, it appeared that the transcript of the proceedings before the zoning commission had been altered and also that it was not complete, as required by § 8-8 of the General Statutes. Thereupon, a motion for a reference was made although the record discloses neither the motion nor the identity of the mover. Following a hearing on the motion, the court concluded that the record filed with it by the planning and zoning commission did not contain a complete transcript of the entire proceedings before the commission and that, on the basis of the evidence it had heard, additional evidence was necessary for the equitable disposition of the appeal. It thereupon referred the case to a state referee "for a finding of facts on the issue of aggrievement and, further, to take such additional evidence as is necessary for the completion of said record and for an equitable disposition of this appeal and report the same to the court with his finding of facts and conclusions of law."

A motion by the plaintiffs to open and rephrase the order and to delete from the order the refer-

ence of the issue of aggrievement was denied. Thereafter, the defendant Dorr-Oliver, Inc., moved to "reopen" the order and refer the case to the referee as a committee. This motion was granted by the court, and the order as originally made was reissued except that the state referee was designated to hear the case as a committee. The plaintiffs have appealed from the order as thus amended.

The decisive question before us is whether an appealable issue is presented. An appeal is a purely statutory privilege. *Chanosky* v. *City Building Supply Co.*, 152 Conn. 449, 451, 208 A.2d 337. It lies only from a final judgment. General Statutes § 52-263; Practice Book § 600; *In re Application of Title & Guaranty Co.*, 109 Conn. 45, 51, 145 A. 151. If the rights of the parties are concluded so that further proceedings after the rendition of an order cannot affect them, the order is a final judgment, from which an appeal will lie. *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.*, 108 Conn. 304, 307, 142 A. 838. For the repeated application of this settled rule, see cases such as *Howarth* v. *Northcott,* 152 Conn. 460, 462, 208 A.2d 540; *Gores* v. *Rosenthal,* 148 Conn. 218, 221, 169 A.2d 639; *State* v. *Fahey,* 146 Conn. 55, 57, 147 A.2d 476; *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 574, 87 A.2d 137; *Northeastern Gas Transmission Co.* v. *Brush,* 138 Conn. 370, 373, 84 A.2d 681; *State* v. *Kemp,* 124 Conn. 639, 642, 1 A.2d 761.

No rights of the plaintiffs have been concluded by the order of reference in the present case. Section 8-8 of the General Statutes permits any aggrieved person to appeal from a decision of an agency such as the defendant commission and requires the court to allow any party to such an

appeal to introduce additional evidence when, as in the present case, the transcript returned by the commission is incomplete or the court determines that further evidence is necessary for an equitable disposition of the appeal. Section 8-8 then provides that "[t]he court may take such evidence or appoint a referee or committee to take such evidence as it directs and report the same to the court, with his or its findings of facts and conclusions of law, which report shall constitute a part of the proceedings upon which the determination of the court shall be made." After the committee makes its report, the rules of practice afford the parties a full opportunity for attacking it prior to its acceptance by the court and the rendition of any judgment based upon it. This would include raising the proposition briefed by the plaintiffs, but which this appeal does not require us to decide, that § 8-8 does not permit the issue of aggrievement to be referred. Practice Book §§ 355, 358–64. Thereafter, full opportunity for a review of the judgment rendered is available on appeal. See Maltbie, Conn. App. Proc. § 219.

No adjudication of any issue in the present case was made by the court prior to the order of reference which this appeal purports to attack. The case thus differs from cases such as *State* v. *Fahey,* supra, *Edwards* v. *Bridgeport Hydraulic Co.,* 152 Conn. 684, 687, 211 A.2d 679, and *Antman* v. *Connecticut Light & Power Co.,* 117 Conn. 230, 235, 167 A. 715, in each of which the basic rights of the parties had been decided and the case was referred only for a determination of the amount of damages. By making the reference in the present case, the court deferred an adjudication of any issue on the appeal from the decision of the commission until

after the committee had fulfilled its assigned task and the report had been reviewed and accepted, modified or rejected by the court. At this stage of the case, it cannot even be known whether the Court of Common Pleas may eventually decide to revoke the reference and resolve matters as a court. Practice Book § 363.

The issue underlying the order of reference was, in substance, whether the time of the court should be consumed by what promised to be a lengthy trial, nine days having already been devoted principally to the offer of evidence concerning the alleged aggrievement of twenty-one of the forty-four plaintiffs, or whether the taking of evidence on that and the other issues should be entrusted to a committee to determine the essential facts on which the court could ultimately base a judgment. The main issues still to be decided by the court were the status of some or all of the plaintiffs as aggrieved persons and, if that was established, the merit of their attack on the commission's decision. The decision on the order of reference in no way concluded the plaintiffs' rights on the ultimate issues. Consequently, the order of reference is not a final judgment from which an appeal will lie.

The appeal is dismissed.

In this opinion the other judges concurred.