Ruth Timothy, Executrix (Estate of Roy Timothy)
*v.* The Upjohn Company et al.
(2098)

Hull, Borden and Spallone, Js.

Argued November 14, 1984—decision released January 15, 1985

*Peter A. Kelly,* for the appellant (plaintiff).

*Kevin J. Maher, James L. Pomeranz* and *Thomas H. Cotter,* for the appellees (defendants).

Borden, J. The plaintiff in this workers' compensation case appeals[1] from a decision of the compensation review division reversing an order of the workers' compensation commissioner. Because we hold that the decision of the review division is not a final judgment, we dismiss this appeal sua sponte.

[1] The appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

The plaintiff's husband, an employee of the defendant Upjohn Company, died of lung cancer. The plaintiff's counsel sent a letter to Upjohn claiming that the decedent's death was attributable to his employment and claiming survivor's benefits under the Workers' Compensation Act. Upjohn filed a disclaimer of liability. The plaintiff filed a motion to preclude Upjohn from contesting liability on the ground that Upjohn had not filed its disclaimer within twenty days of receipt of the notice of claim, as required by General Statutes § 31-297 (b). See *Bush* v. *Quality Bakers of America,* 2 Conn. App. 363, 479 A.2d 820, cert. denied, 194 Conn. 804, 482 A.2d 709 (1984). The commissioner granted the motion. Upjohn and its insurers, who are the other defendants in this case, appealed to the review division, which ruled that, because the plaintiff's notice of claim was neither personally served nor mailed by registered or certified mail, as required by General Statutes § 31-321, the preclusion mechanism of General Statutes § 31-297 (b) was not triggered. The review division, noting that the plaintiff is still free to pursue the claim and to establish liability by traditional methods of proof, reversed the commissioner's decision and remanded the case to her for further proceedings. The plaintiff appealed from that decision of the review division.

Appeals to this court from decisions of the review division are taken pursuant to General Statutes § 31-301b.[2] Practice Book § 2015 provides that "[t]he practice and procedure for workers' compensation appeals to the appellate court shall conform to the rules of practice governing other appeals to the appellate

---

[2] General Statutes § 31-301b, as amended by Public Acts, Spec. Sess., June, 1983, No. 83-29, § 15, provides: "Any party aggrieved by the decision of the compensation revision division upon any question or questions of law arising in the proceedings may appeal the decision of the compensation review division to the appellate court."

court . . . ." Practice Book § 2021 provides that, with regard to such appeals, "references in the appellate rules to trial court or trial judge shall, where applicable, be deemed to mean the individuals who comprised the panel of the compensation review division which rendered the decision from which the appeal was taken."

The practice and procedure of this court require that, "[i]f a party is aggrieved by the decision of the court or judge . . . he may appeal from the final judgment of the court or of such judge . . . ." Practice Book § 3000.[3] It is clear, therefore, that in order for a decision of the review division to be appealable under General Statutes § 31-301b it must be a decision which has the same elements of finality as a final judgment rendered by a trial court.

"An order is final and appealable '(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them.' *State* v. *Curcio,* [191 Conn. 27, 31, 463 A.2d 566 (1983)]." *Barbato* v. *J. & M. Corporation,* 194 Conn. 245, 248, 478 A.2d 1020 (1984); *In re Juvenile Appeal (84-2),* 1 Conn. App. 378, 382, 472 A.2d 795 (1984).

This decision of the review division is not such a final order. It did not terminate any separate or distinct proceeding. It simply reversed the ruling of the commissioner on the plaintiff's motion to preclude, all of which took place within the ambit of the proceedings on the plaintiff's claim against the defendants. Nor did it so conclude the rights of the plaintiffs that further pro-

---

[3] Practice Book § 3000 governs appeals to the Supreme Court. Practice Book § 2000 provides that, except where otherwise specified, "[t]he practice and procedure for appeals to the appellate court shall conform to the rules of practice governing appeals to the supreme court . . . ."

ceedings cannot affect them. By its very terms, it remanded the case to the commissioner for further proceedings on the plaintiff's claim, albeit without the benefit of precluding the defendants from contesting liability.

"For an interlocutory order to be an appealable final judgment it must threaten the preservation of a right that the defendant already holds. The right itself must exist independently of the order from which the appeal is taken. Where a decision has the effect of not granting a particular right, that decision, even if erroneous, does not threaten the [party's] already existing rights." (Footnote omitted.) *State* v. *Longo,* 192 Conn. 85, 92–93, 469 A.2d 1220 (1984). Here, the review division's order had the effect of not granting the plaintiff her asserted right to establish her claim without the necessity of actually proving the necessary factual links between her husband's death and his employment. It is analogous to the denial, in a traditional civil case, of a motion for default, which is not a final judgment for purposes of appeal. See *Thomas* v. *Commerford,* 168 Conn. 64, 72, 357 A.2d 476 (1975).[4]

We distinguish this case from *Bush* v. *Quality Bakers of America,* supra, in which the employer and its insurer appealed from the decision of the review division, which sustained the decision of the commissioner precluding them from contesting liability. In that case, the effect of the decision appealed from did conclude the defendants' rights so that further proceedings could not affect them. All that was left was the purely mathematical

---

[4] Unlike the denial of a motion for default, however, which is a purely discretionary act not assignable as error even after a final judgment; *Thomas* v. *Commerford,* 168 Conn. 64, 72, 357 A.2d 476 (1975); the denial of a motion for preclusion under General Statutes § 31-297 (b) calls for a legal conclusion which will be reviewable after a final judgment.

calculation of the survivor's benefits under General Statutes § 31-306.

The appeal is dismissed sua sponte.

In this opinion the other judges concurred.