ROCHELLE BARTELSTONE ET AL. *v.* BLUE CROSS
AND BLUE SHIELD OF CONNECTICUT, INC.
(2208)

HULL, SPALLONE and DALY, Js.

Argued February 14—decision released April 30, 1985

*Leon M. Rosenblatt,* with whom was *Jane A. Boyle,* for the appellants-appellees (plaintiffs).

*Lissa J. Paris,* for the appellee-appellant (defendant).

DALY, J. The plaintiffs instituted this action against the defendant for breach of a health insurance contract

and for class action certification. The defendant moved to have the matter referred to the insurance commissioner[1] and to disqualify the plaintiffs' counsel. The plaintiffs have appealed from the trial court's granting of the referral and from the failure to grant class action certification, while the defendant has cross appealed from the failure to disqualify the plaintiffs' counsel.[2]

At the threshold, we must determine whether this court has jurisdiction over the appeal. "[T]his court has a duty to reject, on its own motion, any appeal in which it lacks jurisdiction. *Hoberman* v. *Lake of Isles, Inc.*, 138 Conn. 573, 574, 87 A.2d 137 [1952]." *State* v. *Phillips,* 166 Conn. 642, 644, 353 A.2d 706 (1974). The right of the plaintiffs to appeal is governed by General Statutes § 51-197a (a), which provides that appeals from final judgments of the Superior Court shall be taken to the Appellate Court.

"The practice and procedure of this court require that, '[i]f a party is aggrieved by the decision of the court or judge . . . he may appeal from the final judgment of the court or of such judge . . . .' Practice Book § 3000." *Timothy* v. *Upjohn Co.,* 3 Conn. App. 162, 164, 485 A.2d 1349 (1985).

---

[1] General Statutes § 33-167 provides: "From any order or decision of the insurance commissioner, an appeal may be taken by any person or corporation aggrieved thereby in accordance with the provisions of section 4-183. Any dispute which arises between a subscriber and a hospital plan corporation or between a member hospital and the hospital plan corporation, or between two or more hospital plan corporations, shall be referred, at the request of any party to such dispute, to the insurance commissioner, who shall have the power to hear and decide the same, subject to appeal in accordance with the provisions of section 4-183, except venue for such appeal shall be in the judicial district of Hartford-New Britain."

[2] The trial court, in its memorandum of decision filed July 8, 1983, stated, at page 4: "The defendant's motion [to refer] should be granted. Dismissal of this action obviates the need to consider any other motions made by the parties."

"Our Supreme Court 'has developed a number of standards delineating the requirement of finality. One test is whether the order or action terminates a separate and distinct proceeding. . . . Another test lies in the effect of an order as concluding the rights of some or all of the parties . . . and, finally, if the rights of the parties are concluded so that further proceedings cannot affect them, then the judgment is final.' (Citations omitted.) *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 627, 356 A.2d 893 (1975); *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 292, 320 A.2d 797 (1973)." *State* v. *Carter,* 3 Conn. App. 235, 239, 486 A.2d 1138 (1985); see *Barbato* v. *J. & M. Corporation,* 194 Conn. 245, 248, 478 A.2d 1020 (1984).

An order of reference to a state referee for a finding of facts concerning a zone change is not a final judgment from which an appeal will lie. *Castle* v. *Planning & Zoning Commission,* 155 Conn. 617, 621, 236 A.2d 460 (1967). Neither is a remand from the decision of the compensation review division reversing an order of the workers' compensation commissioner a final judgment. *Timothy* v. *Upjohn Co.,* supra.

The decision of the trial court did not terminate any separate and distinct proceedings nor conclude the rights of the plaintiffs so that further proceedings cannot affect them. It simply referred the case to the insurance commissioner, pursuant to statute, for further proceedings on the plaintiffs' claim with a full opportunity for a review of the decision rendered available on appeal.

There is nothing to preclude the parties from raising any unresolved issues of class action and disqualification before the commissioner. The trial court's granting of the referral and dismissal of the action is

not, therefore, a final judgment from which an appeal lies. This court is without jurisdiction and the appeal must be dismissed sua sponte.

The appeal is dismissed.

In this opinion the other judges concurred.