OLIVE ELECTRIC SUPPLY COMPANY, INC. *v.* BREWERY SQUARE LIMITED PARTNERSHIP ET AL.
(3699)

DUPONT, C. J., BORDEN and ALLEN, Js.

Argued November 26, 1985—decision released March 11, 1986

*Raymond A. Garcia,* with whom, on the brief, was *Elaine Gordon,* for the appellants (named defendant et al.).

*Andrew J. O'Neill,* with whom, on the brief, was *Thomas E. Crosby,* for the appellee (plaintiff).

ALLEN, J. This is an appeal from a decision of the trial court in which it determined that a mechanic's lien filed on the land records by the plaintiff was not fatally defective because of a misstatement of the commencement date of providing materials. Because we find that the decision appealed from is not a final judgment, we dismiss the appeal sua sponte for lack of jurisdiction.

The defendant Brewery Square Limited Partnership (Brewery Square) entered into a contract with the defendant The R.A. Civitello Company, Inc. (Civitello), wherein Civitello would construct a structure on premises owned by Brewery Square. In the course of its contract, Civitello hired the defendant J & R Electric Company, Inc. (J & R Electric), which is not a party to this appeal, to perform electrical power and lighting services at the premises. J & R Electric and Civitello hired the plaintiff to furnish electrical power and lighting materials.

The plaintiff claimed that it was not paid in full for its materials and it thereupon filed a mechanic's lien against land owned by Brewery Square. The mechanic's lien stated that the furnishing of materials and performance of services commenced on February 1, 1983, and ceased on November 22, 1983. Civitello substituted a bond in lieu of the lien pursuant to General Statutes § 49-37 (a).

The plaintiff commenced this action on the bond. Civitello moved to declare the mechanic's lien invalid or to reduce its amount pursuant to General Statutes

§ 49-37 (b) (3).[1] The trial court held an evidentiary hearing on the motion. At the hearing, it became apparent that materials were first provided by the plaintiff on May 9, 1983, and not on February 1, 1983, the date stated in the certificate of lien. The trial court found that the lien was not fatally defective because of the misstatement of the commencement date of the providing of materials, and it further found that there was probable cause to sustain both the validity of the lien and its amount. Civitello and Brewery Square filed this appeal, claiming that the ruling of the trial court concerning the misstatement of the commencement date of the providing of materials was in error.

Although this appeal purports to be taken pursuant to General Statutes § 49-35c, we find that section of the statutes to be inapplicable to this case. General Statutes § 49-35c (a) authorizes appeals from orders entered pursuant to General Statutes § 49-35b (b), which concerns motions in regard to the discharge or reduction of mechanic's liens where no bond has been substituted.

The case before us concerns a situation where a bond has been substituted for the mechanic's lien and an action on the bond is pending before the court. General Statutes § 49-37 (b) (3) is the applicable statute. It provides in pertinent part: "(b) Whenever a bond has been substituted for any lien pursuant to this section: . . . (3) *If an action on the bond is pending before any court,* any party to that action may at any time prior to trial, unless an application under subdivision (1) of this subsection has previously been ruled upon, move that the lien for which the bond was substituted be declared invalid or reduced in amount." (Emphasis

---

[1] Although Civitello's motion cited General Statutes § 49-37 (c) (3) as its basis, we consider that a typographical error, and that it meant to refer to General Statutes § 49-37 (b) (3). There is no subsection (c) of § 49-37, and § 49-37 (b) (3) provides for an application to reduce or declare invalid the lien for which the bond was substituted.

added.) Clearly, that is the section of the statute under which the motion to declare the mechanic's lien invalid or reduce it in amount was made. A bond had been substituted and this action on the bond was pending in court.

There is no provision in the statutes which allows an appeal from an order pursuant to General Statutes § 49-37 (b) (3), although there is a provision which allows an appeal from an order pursuant to General Statutes § 49-37 (b) (1). General Statutes § 49-37 (b) (6) provides: "Any order entered upon an application set forth in subdivision (1) of this subsection shall be deemed a final judgment for the purpose of appeal." General Statutes § 49-37 (b) provides in pertinent part: "Whenever a bond has been substituted for any lien pursuant to this section: (1) The principal or surety on the bond, *if no action to recover on the bond is then pending before any court,* may make application . . . that a hearing be held to determine whether the lien for which the bond was substituted should be declared invalid or reduced in amount . . . . " (Emphasis added.) Thus, General Statutes § 49-37 (b) (6) limits an appeal from the trial court's action on an application to reduce or declare a bond invalid to the situation in which no action on the bond is then pending. There is no statutory provision for an appeal from an order under General Statutes § 49-37 (b) (3) which applies where an action on the bond *is* pending.

The rationale for this legislative distinction is that where no action on the bond is pending, there is no other redress from an adverse decision on a motion to declare the lien invalid or to reduce its amount other than by a direct appeal. This is not true where there is a pending action on the bond and the trial court will make a final decision as to the validity and adequacy of the lien when it decides the merits of the pending action. Therefore, where an action on the bond is pend-

ing, any decision on a motion to declare the lien invalid or to reduce its amount is interlocutory and an appeal from such a decision would be premature.

Here, an action on the bond was pending. Indeed, Civitello's motion, on which the court acted, was a part of that action on the bond. Therefore, it is not General Statutes § 49-37 (b) (1) which applies, but General Statutes § 49-37 (b) (3), from which there is no statutory provision for an appeal. Absent a statutory right of appeal, the court's order was not a final judgment and is, therefore, not appealable. "The decision of the trial court did not terminate any separate and distinct proceedings nor conclude the rights of the plaintiffs so that further proceedings cannot affect them." *Bartelstone* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, 3 Conn. App. 627, 629, 491 A.2d 417, cert. denied, 196 Conn. 808, 494 A.2d 905 (1985); *Timothy* v. *Upjohn Co.*, 3 Conn. App. 162, 164–65, 485 A.2d 1349 (1985).

The appeal is dismissed sua sponte.

In this opinion the other judges concurred.