STEPHEN REPASI *v.* JENKINS BROTHERS ET AL.
(6153)

DALY, O'CONNELL and STOUGHTON, Js.

Argued June 14—decision released September 6, 1988

*Edward F. Kunin,* for the appellant (plaintiff).

*Kevin J. Maher,* with whom, on the brief, was *Colette Mauborgne,* for the appellees (defendants).

O'CONNELL, J. The plaintiff appeals from a decision of the workers' compensation review division (CRD) which considered (1) issues relating to the amount of the plaintiff's compensation award and the scope of the workers' compensation commissioner's consideration, and (2) issues relating to the constitutionality of the workers' compensation statutes, General Statutes § 31-275 et seq. The CRD remanded the first category of issues to the commissioner for more information, and declined to consider the second category, concluding that it lacked jurisdiction to decide constitutional questions. The plaintiff appeals only the constitutional issues to this court.

Before we can consider the merits of this appeal, we must first decide the threshold question of whether the plaintiff has appealed from a final judgment. *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 84, 495 A.2d 1063 (1985). The final judgment determination is fundamental to appellate jurisdiction and must be decided by this court even though not raised by the parties. *State* v. *Curcio,* 191 Conn. 27, 30, 463 A.2d 566 (1983).

In *Timothy* v. *Upjohn Co.,* 3 Conn. App. 162, 485 A.2d 1349 (1985), this court held that a remand to the compensation commissioner by the CRD did not constitute an appealable final judgment. See also *Bartelstone* v. *Blue Cross & Blue Shield of Connecticut, Inc.,* 3 Conn. App. 627, 491 A.2d 417, cert. denied, 196 Conn. 808, 494 A.2d 905 (1985). The present case, however, goes one step further than *Timothy.* The plaintiff does not attempt to appeal the issues that were remanded to the commissioner, but rather attempts to appeal at this

time only the issues not remanded. The plaintiff, in essence, seeks a piecemeal appeal. This is clearly improper. "The finality requirement underlying our appellate review represents a clear and firm policy against piecemeal appeals. *State* v. *Kemp,* 124 Conn. 639, 646–47, 1 A.2d 761 (1938); Maltbie, Conn. App. Proc. § 10. 'Appeal gives the upper court a power of review, not one of intervention.' *Cohen* v. *Beneficial Industrial Loan Corporation,* 337 U.S. 541, 546, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949)." *State* v. *Powell,* 186 Conn. 547, 551, 442 A.2d 939, cert. denied sub nom. *Moeller* v. *State,* 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982).

The well established test for determination of finality is set forth in *State* v. *Curcio,* supra, 31: "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." This test has been specifically applied to appeals from administrative agencies. *Convalescent Center of Bloomfield, Inc.* v. *Department of Income Maintenance,* 208 Conn. 187, 192–93, 544 A.2d 604 (1988); *Schieffelin & Co.* v. *Department of Liquor Control,* 202 Conn. 405, 409–10, 521 A.2d 566 (1987).

Examination of the issues in the present appeal discloses that the action of the CRD did not terminate a separate and distinct proceeding, nor did it conclude the rights of the parties so that further proceedings could not affect them. *State* v. *Curcio,* supra. We conclude therefore that the decision of the compensation review division was not a final judgment.

" '[T]his court has a duty to reject, on its own motion, any appeal in which it lacks jurisdiction.' " *Bartelstone* v. *Blue Cross & Blue Shield of Connecticut, Inc.,* supra,

628, quoting *State* v. *Phillips,* 166 Conn. 642, 644, 353 A.2d 706 (1974). Lack of a final judgment deprives this court of appellate jurisdiction and the appeal must be dismissed sua sponte. See *Timothy* v. *Upjohn Co.,* supra; *Bartelstone* v. *Blue Cross & Blue Shield of Connecticut, Inc.,* supra.

The appeal is dismissed.

In this opinion the other judges concurred.