MARY LOU MATEY *v.* ESTATE OF SARAH
DEMBER ET AL.
(13592)

PETERS, C. J., SHEA, GLASS, COVELLO and HULL, Js.

Argued February 7—decision released April 11, 1989

*Carl J. Schuman,* assistant attorney general, with whom were *Michael J. Belzer,* assistant attorney general, and, on the brief, *Clarine Nardi Riddle,* acting attorney general, for the appellant (defendant state treasurer).

*Laurence V. Parnoff,* with whom, on the brief, was *Mary Ann Barile* for the appellee (plaintiff).

PER CURIAM. The respondent Francisco Borges, who is the state treasurer and custodian of the state second injury and compensation assurance fund, has appealed from a decision of the compensation review division (CRD) affirming the finding of the workers' compensation commissioner as to the liability of the respondent fund to the claimant, Mary Lou Matey, but remanding the case for further proceedings before the commissioner with respect to the amount of the workers' compensation award. In his appeal the treasurer maintains that the CRD erred in concluding that the claimant was not barred from recovery by her failure to present her claim in writing to the administrator of the estate of her deceased employer, Sarah Dember, within the period allowed by our nonclaim statute, General Statutes § 45-205. Recognizing that the jurisdiction of this court to consider his appeal is implicated, the treasurer has also raised the

question of whether the decision of the CRD remanding the case for further proceedings before the commissioner upon the amount of the award was a final decision of the agency from which an appeal could be taken. The treasurer maintains that his appeal is viable and the claimant does not dispute this contention. We conclude that such a decision is not final, that the appeal is premature, and that this court lacks jurisdiction. Accordingly, we dismiss the appeal.

The facts found by the commissioner and affirmed by the CRD are not disputed. The claimant was a household employee of Sarah Dember and she performed such duties as cleaning, cooking, shopping, and other chores for her employer. On August 9, 1984, while on an errand for her employer, the claimant was injured in an automobile accident. Sarah Dember was aware of the accident and the resulting injury to the claimant, which had occurred in the course of the employment. Although this employment relationship was within the provisions of the Workers' Compensation Act, Dember had failed to insure her potential liability thereunder.

On October 13, 1984, Sarah Dember died. No claim was submitted by the claimant against the estate of her deceased employer by February 14, 1985, the last day allowed by the Probate Court for presenting claims. The claimant on July 8, 1985, filed her claim with the workers' compensation commissioner and also sent a copy to the attorney representing the estate of Sarah Dember. The respondent treasurer participated in the formal hearing on behalf of the second injury and compensation assurance fund established under General Statutes § 31-354 because of the fund's potential liability under General Statutes § 31-355. The estate of Sarah Dember was represented at an informal hearing before the commissioner but did not participate at the formal hearing or in any of the subsequent proceedings.

The workers' compensation commissioner rejected the position advanced by the respondent treasurer that the failure to present a timely claim against the estate of her employer barred the claimant from receiving workers' compensation benefits. The commissioner found the appropriate compensation rate to be $240 per week, based upon the claimant's wages and the value of board and room provided by her employer.

In resolving the issues on appeal, the CRD concluded that the filing of the notice of the claim within one year of the accident, as required by General Statutes § 31-294, was all that was necessary for workers' compensation purposes. It concluded, however, that the appeal should be sustained because the finding of the commissioner concerning the value of room and board, on which the compensation rate was partly based, had been made without any supporting testimony. The case was remanded for further proceedings "only on the specific issue of the equivalent monetary value of the weekly room and board."

In the recent case of *Repasi* v. *Jenkins Bros.*, 16 Conn. App. 121, 546 A.2d 965 (1988), the Appellate Court held that a decision of the CRD remanding certain issues relating to the amount of a workers' compensation award to the commissioner for more information was not a final judgment, even though the CRD had concluded that it lacked jurisdiction to consider other issues relating to the constitutionality of certain provisions of the Workers' Compensation Act. The respondent treasurer in his reply brief concedes that the case before us is "procedurally similar." He relies, however, upon the decision of this court in *Santos* v. *Publix Theatres Corporation,* 108 Conn. 159, 142 A. 745 (1928), in which it was held that a decision of the trial court correcting the finding of the compensation commissioner, who had dismissed the employee's claim, and remanding the case to the commissioner for an

award in accordance with the finding as corrected, was a final judgment. When, after the commissioner had made an award in compliance with the remand, the employer again appealed, we concluded that, because the appeal did not claim that the commissioner had deviated from the remand order in making the award but claimed error only in the judgment reversing the initial denial of compensation, the second appeal should be dismissed. "There appears to be no more reason, logically, for a right of appeal from a compensation award as directed by a judgment of the Superior Court than from a judgment rendered by the latter court in conformity to the advice or mandate of this court." Id., 162–63. *Santos* falls into the category of cases where the further proceedings directed by the remand order are ministerial, not requiring the exercise of independent judgment or discretion and not involving additional evidence. See *Connecticut Bank & Trust Co.* v. *Commission on Human Rights & Opportunities,* 202 Conn. 150, 156–57, 520 A.2d 186 (1987). In the present case, however, the order of the CRD plainly contemplated that further evidence relating to the claimant's compensation rate would be presented and that a new finding on that issue would be made by the commissioner.

A more apt precedent is *Connecticut Bank & Trust Co.* v. *Commission on Human Rights & Opportunities,* supra, in which we held that an appeal from a decision of an agency was premature because, although the issue of liability had been decided, further proceedings before a hearing officer to determine the amount of the award had been ordered. In that opinion we relied upon several decisions of the federal courts in workers' compensation cases holding that such awards are not final until the amounts thereof have been determined. *Director, Office of Workers' Compensation Programs* v. *Brodka,* 643 F.2d 159, 161 (3d Cir. 1981); *Newport News*

*Shipbuilding & Dry Dock Co.* v. *Director, Office of Workers' Compensation Programs,* 590 F.2d 1267, 1268 (4th Cir. 1978); *United Fruit Co.* v. *Director, Office of Workers' Compensation Programs,* 546 F.2d 1224, 1225 (5th Cir. 1977).

In *Schieffelin & Co.* v. *Department of Liquor Control,* 202 Conn. 405, 521 A.2d 566 (1987), in which the remand order of the trial court required the agency to conduct further evidentiary proceedings upon an unresolved issue, we also concluded that there was no final judgment. The Appellate Court also has held that a remand by the CRD for further proceedings upon an issue left undecided by a commissioner who had relied upon an alternative ground rejected by the CRD was not a final decision. *Timothy* v. *Upjohn Co.,* 3 Conn. App. 162, 485 A.2d 1349 (1985).

We conclude that this appeal is premature because the remand order directed further evidentiary proceedings necessary for the determination of the amount of the award in a workers' compensation case. The appeal, therefore, must be dismissed.

The appeal is dismissed.