MARY ELLEN GUINAN *v.* DIRECT MARKETING
ASSOCIATION, INC., ET AL.
(8518)

DUPONT, C. J., DALY, NORCOTT, FOTI and LAVERY, Js.

Argued December 7, 1989—decision released March 20, 1990

*Bruce L. Levin,* with whom, on the brief, was *Serge G. Mihaly,* for the appellants (defendants).

*Robert P. Wenten,* for the appellee (plaintiff).

DUPONT, C. J. The parties were ordered to appear at a motion calendar of this court to give reasons why this appeal should not be dismissed for lack of a final judgment pursuant to the cases of *Timothy* v. *Upjohn Co.,* 3 Conn. App. 162, 485 A.2d 1349 (1985), and *Bush*

v. *Quality Bakers of America,* 2 Conn. App. 363, 479 A.2d 820, cert. denied, 194 Conn. 804, 482 A.2d 709 (1984).

The appeal arises from a claim for workers' compensation benefits. The plaintiff sustained an injury to her lower back while setting up an exhibit for the named defendant. She mailed a notice of claim to the named defendant which failed to file a notice to contest with the workers' compensation commission within the statutory twenty day time limit of General Statutes § 31-297 (b). The plaintiff subsequently filed a motion to preclude the defendants[1] from contesting liability. The workers' compensation commissioner granted the motion and the defendants appealed to the compensation review division, which affirmed the commissioner's ruling. The defendants then filed an appeal to this court.

The parties assert that the decision of the compensation review division affirming the commissioner's granting of the plaintiff's motion to preclude is a final judgment. They contend that although damages have not yet been determined, the calculation of that dollar amount is a purely ministerial act, requiring the application of a simple mathematical formula. Consequently, they argue that the test enunciated in *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983), was met because the rights of the parties have been finally concluded so that further proceedings cannot affect them. It, therefore, follows, according to the parties, that there was a final judgment in this case. An analysis of *Bush* v. *Quality Bakers of America,* supra, and *Timothy* v. *Upjohn Co.,* supra, however, leads us to conclude that there was no final judgment in this case.

In *Bush,* we concluded that there was a final judgment and, in *Timothy,* we concluded that there was not

---

[1] The other defendant is the named defendant's workers' compensation carrier.

a final judgment. Those cases rest on similar principles of law but disparate facts. In *Bush,* the commissioner had rendered a decision precluding the defendants from contesting liability. The compensation review division sustained that decision, and the defendant employer and its insurer then appealed to this court. We reviewed the appeal on its merits because the rights of the parties in that case had been finally concluded so that further proceedings could not affect them. Liability had been established and all that was left to be done involved a purely mathematical calculation of the survivor's benefits under General Statutes § 31-306. *Bush* v. *Quality Bakers of America,* supra.

*Timothy* also involved survivor's benefits, but the case presented on appeal differed from that presented on appeal in *Bush* because, in *Timothy,* liability had not been established. This court dismissed the appeal in *Timothy* because the effect of the review division's reversal of the commissioner's decision was to leave the issue of liability yet to be determined. Since both liability and the amount of compensation, if any, remained undetermined, the review division's decision was not a final judgment.

The facts of the present case are not the same as those of *Bush* or *Timothy.* This appeal does not involve survivor's benefits as did both *Bush* and *Timothy,* but instead involves compensation for partial disability. Although liability has been established here, unlike *Timothy,* the amount of compensation, unlike *Bush,* is not yet capable of a precise mathematical determination. In *Bush,* the plaintiff's status as a widow clearly entitled her to compensation under General Statutes § 31-306. That statute provides a simple and straightforward scheme for determining compensation, based on readily established facts such as the average weekly earnings of the deceased.

In contrast, the statute involved here, General Statutes § 31-308, provides for an elaborate·scheme with a complex formula for determining compensation once the extent of the disability has been established. While General Statutes § 31-297 (b) states that the defendants are precluded from contesting the extent of the plaintiff's disability, the determination of the extent of that disability and the total amount of compensation under § 31-308 necessarily involves the presentation of evidence by both parties and factfinding on the part of the commissioner. The commissioner must determine, among other facts, the amount the injured employee is capable of earning after the injury and the availability of suitable employment. Because the resulting findings will necessarily impact on the amount of compensation awarded, the rights of the parties are yet to be finally concluded. Thus, despite the fact that liability has already been determined in the present case, more remains to be done than the utilization of a pure mathematical calculation of compensation as was true in *Bush.*

This appeal is, therefore, similar to a case in which summary judgment has been granted, but damages are yet to be determined. See *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 495 A.2d 1063 (1985). By analogy to *Stroiney,* and by applying the principles of *Bush* and *Timothy,* this appeal must be dismissed for lack of a final judgment.

The appeal is dismissed.

In this opinion the other judges concurred.