MARY ELLEN GUINAN *v.* DIRECT MARKETING ASSOCIATION, INC., ET AL.
(8518)

DUPONT, C. J., DALY, NORCOTT, FOTI and LAVERY, Js.

Remanded on June 7—decision released July 3, 1990

---

*Bruce L. Levin,* with whom, on the brief, was *Serge G. Mihaly,* for the appellants (defendants).

*Robert P. Wenten,* for the appellee (plaintiff).

PER CURIAM. This appeal was previously dismissed by this court for lack of a final judgment. *Guinan* v. *Directing Marketing Assn., Inc.,* 21 Conn. App. 63, 571 A.2d 143, cert. granted, 215 Conn. 812, 576 A.2d 541 (1990). Upon the granting, by the Supreme Court, of the defendants' unopposed petition for certification, the case was remanded to this court for reconsideration in light of *Szudora* v. *Fairfield,* 214 Conn. 552, 573 A.2d 1 (1990), a Supreme Court case that was published after our decision.

Both *Szudora* and *Guinan* involve appeals from the workers' compensation review division and the finality of a decision of it. The test for determining whether a decision of the review division is a final judgment "turns on the scope of the proceedings on remand: if such further proceedings are merely ministerial, the decision is an appealable final judgment, but if further proceedings will require the exercise of independent judgment or discretion and the taking of additional evidence, the appeal is premature and must be dismissed." *Szudora* v. *Fairfield,* supra, 556.

We concluded in *Guinan* that the amount of compensation due the claimant for her partial disability was

not yet capable of a precise mathematical determination because that amount was dependent upon the presentation of evidence by both parties at a hearing yet to be held by a workers' compensation commissioner and factfinding by the commissioner. The situation, however, as now stated in the defendants' unopposed petition for certification leads us to a different conclusion. The defendants, in their petition to the Supreme Court, present a narrow question for review as follows: "Whether a decision of the Compensation Review Division affirming the granting of a motion to preclude an employer and its insurance carrier pursuant to General Statutes § 31-297 (b) is a final judgment from which to appeal where the amount of the claimant's temporary total disability benefits requires only a noncontroversial computation involving only the claimant's weekly salary and the period of time during which, according to her doctor she was unable to work."

A decision of the compensation review division is a final judgment if the claimant involved is entitled to temporary total disability benefits and the salary and period of time during which there was an inability to work are known.

The appeal should not have been dismissed, and is, therefore, reinstated.