[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER FOR SUPPLEMENTARY BRIEFS
I have concluded that there is a significant issue concerning the court's jurisdiction over this appeal, which has not been advised by either party. That issue is simply whether the decision of the Employees Review Board (ERB) is a "final decision" as required by General Statutes 4-183(a) for the purpose of an appeal to this court.
The decision of the ERB ordered the Department of Public Safety (DDS) as follows:
ORDER
 The Department of Public Safety shall, with assistance of the Department of Administrative Services, review the position classification of Daniel Cawley's Data Processing. Manager 3 position, as of the time when he was assigned to new duties, CT Page 6483-HH November 30, 1990, and, based on such duties, determine the appropriate classification of his position.
Thereafter, the Department of Public Safety shall follow normal procedures for determining which position(s) it would have laid off in the spring of 1991.
Thereafter, the Department shall follow normal procedures for determining which employee(s) occupying such position(s) would have been laid off.
If the results of the above decision indicate that Daniel Cawley was wrongfully laid off on May 31, 1991, he shall be reinstated as of that date, with appropriate back pay, seniority and other benefits.
The ERB has not made a final determination that Daniel Cawley was improperly classified as a Data Processing Manager 3 at the time he was discharged or that he was wrongfully discharged. The order simply directs DPS to review his classification based on the new duties to which he was assigned in November 30, CT Page 6483-II 1990, and thereafter to follow normal procedures for determining "which position(s) it would have laid off in the spring of 1991" and "which employee(s) occupying such position(s) would have been laid off." It is only when these preliminary decisions, to be made by DPS, indicate that Cawley was wrongfully laid off, that he will be entitled to reinstatement and other relief. As the ERB noted in its decision, "such an order may not help Appellant. For instance, he may be reclassified into a non-managerial data processing position, which is then retroactively selected for lay off."
As mentioned during oral argument, the ERB did not address the problem involved in the calculation of back pay arising from the fact that Cawley was paid at annual salary rate of $20,000 in excess of that for non-managerial data processors after his assignment to a non-managerial position. Because its remand order was not definitive on reinstatement and back pay but contingent on future action by DPS, it was unnecessary for ERB to resolve this issue. It is not possible to determine, therefore, whether either the state or Cawley is aggrieved by the ERB order. At this stage of the proceeding, and the policy against piecemeal appellate litigation would militate against entertaining this appeal. CT Page 6483-JJ
The contingent nature of the ERB order in this case is similar to that referred to in Schieffelin Co. v. Department of Liquor Control, 202 Conn. 405, 410 (1987); "Without dictating the outcome of the further administrative proceedings, the court may insist on further administrative evidentiary findings as a precondition to final judicial resolution of all the issues between the parties. Such an order is not a final judgment." The absence from the ERB decision of any determination of the amount of back pay to which Cawley would be entitled or any formula for making that calculation as a "purely ministerial task" also indicates that the ERB decision lacks finality. Connecticut Bank Trust Co. v. CHRO, 202 Conn. 150, 155-57 (1989). In the case cited, the court adopted the federal view that "where liability has been decided, but the extent of the damages remains undetermined, there is no final order." See also Matey v. Estate of Dember, 210 Conn. 626,630-31 (1989).
Because this jurisdictional issue has not heretofore been discussed, I am ordering that each party to the appeal submit a supplementary brief on this subject. As I shall be away from August CT Page 6483-KK16-27, the briefs must be filed on or before August 30.
Shea, STATE TRIAL REFEREE.