STEPHEN ERICSON *v.* PERREAULT SPRING AND EQUIPMENT COMPANY ET AL.
(13516)

LANDAU, HEIMAN and SCHALLER, Js.

Argued April 26—decision released May 30, 1995

*Jeremy D. Booty*, for the appellants (defendants).

*Ross Lessack*, with whom on the brief was *Edward T. Dodd, Jr.*, for the appellee (plaintiff).

PER CURIAM. The defendants appeal from the decision of the compensation review board of the workers' compensation commission reversing the order of the commissioner for the fifth district and remanding the case to the commissioner for further proceedings. On remand, the commissioner is ordered to determine the allocation of a year-end bonus of approximately $19,000, paid by the defendant employer to the plaintiff, in determining the plaintiff's average weekly wage for the twenty-six week period immediately preceding the week during which the plaintiff's injury occurred and to set the correct rate of compensation.

"It is axiomatic that appellate review of disputed claims of law and fact ordinarily must await the rendering of a final judgment by the compensation review division. *Matey* v. *Estate of Dember*, 210 Conn. 626, 629–30, 556 A.2d 599 (1989); *Schieffelin & Co.* v. *Department of Liquor Control*, 202 Conn. 405, 409–12, 521 A.2d 566 (1987); *Connecticut Bank & Trust Co.* v. *Commission on Human Rights & Opportunities*, 202 Conn. 150, 156–57, 520 A.2d 186 (1987); *Rapasi* v. *Jenkins Bros.*, 16 Conn. App. 121, 122–23, 546 A.2d

965, cert. denied, 209 Conn. 817, 550 A.2d 1085 (1988). The finality of the decision of the review [board] is called into question in this case because of the review [board's] order of a remand for further administrative proceedings. The test that determines whether such a decision is a final judgment turns on the scope of the proceedings on remand: if such further proceedings are merely ministerial, the decision is an appealable final judgment, but if further proceedings will require the exercise of independent judgment or discretion and the taking of additional evidence, the appeal is premature and must be dismissed. *Matey* v. *Estate of Dember*, supra, 630." *Szudora* v. *Fairfield*, 214 Conn. 552, 556, 573 A.2d 1 (1990).

Here, the defendants conceded at oral argument that the remand to the commissioner requires proceedings that are more than ministerial and involve the exercise of the commissioner's independent judgment and discretion. The plaintiff agreed, as do we. Thus, this appeal fails to meet the test for the existence of a final judgment in an appeal from the compensation review board. See id., 556.

The appeal is dismissed.