WILLIAM B. QUINN *v.* STANDARD-KNAPP, INC., ET AL.
(13838)

Dupont, C. J., and Heiman and Hennessy, Js.

Argued December 14, 1995—decision released March 5, 1996

---

[8] See footnote 3.

*James D. Moran, Jr.*, with whom, on the brief, was *Karen H. Fritzinger*, for the appellants (defendants).

*Jason M. Dodge*, for the appellee (plaintiff).

PER CURIAM. The workers' compensation commissioner for the eighth district granted the plaintiff's motion to preclude defenses in this workers' compensation case because the defendants[1] did not file a disclaimer of liability in a timely manner. The compensation review board upheld the decision of the commissioner, and the defendants thereafter appealed to this court. To reach the merits of the issue on the appeal, which is whether the plaintiff's notice of claim satisfied General Statutes § 31-294c (a) and (b),[2] we must first determine if the appeal is taken from a final judgment.[3] *Stroiney* v. *Crescent Lake Tax District*, 197 Conn. 82, 84, 495 A.2d 1063 (1985). The determination of whether a final judgment exists for the purpose of appellate review must be decided by this court even though it was not raised by the parties. *State* v. *Curcio*, 191 Conn. 27, 30, 463 A.2d 566 (1983). If there is no final judgment, we must dismiss the appeal. See General Statutes §§ 51-197a and 52-263; see also Practice Book § 4000.

The test for determining whether the defendants have appealed from a final judgment turns on the scope of

---

[1] The defendants in this matter are the employer, Standard-Knapp, Inc., and its insurer, Liberty Mutual Insurance Company.

[2] The timeliness of the disclaimer hinges on whether an employee's notice of a repetitive trauma-type injury, such as work-related stress disorder, must contain the date of the first day of disability or the last day of work in order for an employee to satisfy the notice of claim requirement.

[3] The parties were notified to appear at oral argument prepared to address whether we had jurisdiction in view of *Szudora* v. *Fairfield*, 214 Conn. 552, 573 A.2d 1 (1990), and *Guinan* v. *Direct Marketing Assn., Inc.*, 22 Conn. App. 515, 578 A.2d 129 (1990).

the proceedings on remand. *Szudora* v. *Fairfield*, 214 Conn. 552, 556, 573 A.2d 1 (1990). "[I]f such further proceedings are merely ministerial, the decision is an appealable final judgment, but if further proceedings will require the exercise of independent judgment or discretion and the taking of additional evidence, the appeal is premature and must be dismissed." Id., citing *Matey* v. *Estate of Dember*, 210 Conn. 626, 630, 556 A.2d 599 (1989).

The question of whether a decision of the compensation review board affirming the granting of a motion to preclude defenses is a final judgment for the purpose of appellate review was addressed in *Guinan* v. *Direct Marketing Assn., Inc.*, 22 Conn. App. 515, 578 A.2d 129 (1990). In that case, the plaintiff was entitled to temporary total disability benefits, which could be determined by a nonadversarial computation involving only the amount of the plaintiff's weekly salary and the period of time during which there was an inability to work. Id., 517. Neither of those facts was in dispute. Because both the salary and the period of time during which there was an inability to work were known, we concluded that the further proceedings were ministerial, and, therefore, that the decision of the compensation review board was a final judgment. Id.

In the present case, however, there is nothing in the record available to us that establishes the scope of the remand to be held in terms of whether it will be purely ministerial or it will require the taking of evidence to resolve factual questions. At oral argument, however, the defendants' counsel stated that the defendants dispute whether the plaintiff was actually disabled throughout the entire period of disability claimed. "The determination . . . of the extent of [the plaintiff's] incapacity governs which particular statutory formula applies and that determination requires the taking of

additional evidence." *Shira* v. *National Business Systems, Inc.*, 25 Conn. App. 350, 353, 593 A.2d 983 (1991).

Because the resolution of that issue requires the exercise of independent judgment or discretion and the taking of additional evidence, we conclude that the appeal is premature.

The appeal is dismissed.