******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# AJREDIN AJDINI *v.* FRANK LILL & SON, INC., ET AL.
## (SC 20836)

Robinson, C. J., and McDonald, D'Auria, Mullins, Ecker, Alexander and Dannehy, Js.

*Syllabus*

Pursuant to statute (§ 31-294c (b)), whenever an employer contests liability to pay workers' compensation benefits, the employer "shall file" with the workers' compensation administrative law judge, on or before the twenty-eighth day after the employer has received the employee's written notice of claim, a notice of intention to contest the employee's right to compensation benefits.

The defendants, F Co. and F Co.'s insurer and third-party workers' compensation benefit administrator, appealed from the decision of the Compensation Review Board, which upheld the decision of the administrative law judge precluding the defendants from contesting liability for injuries sustained by the plaintiff during the course of his employment with F Co. Within twenty-eight days of receiving the plaintiff's notice of claims, F Co. mailed to the administrative law judge a notice of intention to contest the plaintiff's right to compensation benefits pursuant to § 31-294c (b), but the administrative law judge did not receive the notice of intention until after the twenty-eight day statutory period elapsed. The administrative law judge thereafter granted the plaintiff's motion to preclude the defendants from contesting liability, concluding that, because F Co. had failed to commence payment for the claims or file its notice of intention to contest within twenty-eight days following receipt of the plaintiff's notice of claims, as required by § 31-294c (b), the defendants were presumed to have accepted the compensability of the plaintiff's alleged injuries and precluded from contesting his claims. The board upheld the administrative law judge's decision, and, thereafter, the defendants appealed.

*Held* that the board properly upheld the administrative law judge's decision to preclude the defendants from contesting liability, as F Co. did not file its notice of intention to contest with the administrative law judge on or before the twenty-eighth day after receiving the plaintiff's notice of claims and, therefore, failed to satisfy the requirements of § 31-294c (b):

Because the statutory scheme did not define the word "file," this court looked to dictionary definitions for its commonly approved usage and concluded that, under § 31-294c (b), it was plain and unambiguous that an employer's notice of intention to contest an employee's right to compensation benefits must be delivered, and not just mailed, to the adminis-

trative law judge on or before the twenty-eighth day after the employer received the employee's notice of claim.

Moreover, in addition to requiring the employer to "file" a notice of intention to contest with the administrative law judge, § 31-294c (b) requires the employer to "send" a copy of its notice of intention to the employee, the use of the words "send" and "file" in the same provision suggested that the legislature intended for the terms to have different meanings, and, if the legislature had wanted for an employer to meet its statutory requirements by simply mailing its notice of intention to the administrative law judge, it could have used the word "send" rather than the word "file," the plain meaning of which requires an employer to do more than place the notice in the mail.

Contrary to the defendants' argument, the mailbox rule did not apply in the present case, as that rule provides that a properly stamped and addressed letter that is placed in a mailbox or submitted to the United States Postal Service raises a rebuttable presumption that it will be received, and a presumption that the notice of intention will be received does not raise a presumption that that notice will be received timely, on or before the twenty-eighth day after the employer receives the employee's notice of claim.

Argued February 8—officially released April 23, 2024

*Procedural History*

Appeal from the decision of the administrative law judge for the Fourth District of the Workers' Compensation Commission granting the plaintiff's motion to preclude the defendants from contesting liability as to his claims for certain workers' compensation benefits, brought to the Compensation Review Board, which affirmed the administrative law judge's decision, and the defendants appealed. *Affirmed.*

*Peter M. LoVerme*, for the appellants (defendants).

*Andrew E. Wallace*, for the appellee (plaintiff).

*Opinion*

ROBINSON, C. J. The sole issue in this appeal is whether an employer meets its statutory obligation pur-

suant to General Statutes § 31-294c (b)[1] to "file" notice of its intention to contest liability to pay compensation for an employee's workers' compensation claim by placing that notice in the mail within the twenty-eight day statutory period, regardless of whether that notice is received after the statutory period has elapsed. The defendants, Frank Lill & Son, Inc. (employer), and its workers' compensation carriers,[2] appeal[3] from the decision of the Compensation Review Board (board) affirming the decision of the administrative law judge for the Fourth District of the Workers' Compensation Commission (commission), who granted the motion to preclude filed by the plaintiff, Ajredin Ajdini. On appeal, the defendants claim that the board incorrectly concluded that the employer had not timely complied with its statutory obligation under § 31-294c (b) to contest liability because it placed the notice in the mail within the statutory period, and "mailing" is the same as "filing" for purposes of § 31-294c (b). We disagree with the defendants and, accordingly, affirm the decision of the board.

---

[1] General Statutes § 31-294c (b) provides in relevant part: "Whenever liability to pay compensation is contested by the employer, he shall file with the *administrative law judge*, on or before the twenty-eighth day after he has received a written notice of claim, a notice . . . stating that the right to compensation is contested . . . ." (Emphasis added.)

Since the dates of the incidents in question, the legislature has amended § 31-294c to make technical changes. Effective October 1, 2021, the legislature enacted No. 21-18, § 1, of the 2021 Public Acts, which amended § 31-194c (b) by substituting the words "administrative law judge" for the word "commissioner." See also Public Acts 2022, No. 22-89, § 2 (making additional technical changes to § 31-294c (b)). Because these technical changes have no bearing on the merits of this appeal, for purposes of clarity, all references in this opinion to § 31-294c (b) are to the current revision of the statute.

[2] Arch Insurance Group, Inc., which insures Frank Lill & Son, Inc., and Gallagher Bassett Services, a third-party administrator for workers' compensation benefits, are also defendants in this appeal. Hereinafter, we refer to Frank Lill & Son, Inc., Arch Insurance Group, Inc., and Gallagher Bassett Services collectively as the defendants.

[3] The defendants appealed from the decision of the board to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

The record reveals the following undisputed facts and procedural history. The plaintiff was employed by the employer and alleged that, in the course and scope of his employment, he sustained two separate injuries in July, 2018. The plaintiff thereafter properly sent to the commission and the employer a Form 30C notice of claim for compensation for each injury pursuant to § 31-294c (a). The forms were received by the commission and the employer on May 3, 2019. On May 29, 2019, the employer mailed to both the commission and the plaintiff a Form 43 notice of intention to contest the plaintiff's rights to compensation benefits for each injury pursuant to § 31-294c (b). The commission received the forms on June 3, 2019, and the plaintiff received the forms on June 6, 2019.

The plaintiff then filed with the commission a motion to preclude, arguing that, because the employer had failed to commence payment of the claims or to file a notice of intention to contest the claims within twenty-eight days following its receipt of the notice of claims, as required by § 31-294c (b), the employer should be presumed to have accepted the compensability of the plaintiff's alleged injuries and precluded from contesting the claims. Concluding that the employer had failed to comply with the statute, the administrative law judge granted the plaintiff's motion and ordered that the defendants be conclusively presumed to have accepted the compensability of the plaintiff's alleged injuries.

The defendants subsequently filed with the board a petition for review of the finding of preclusion. Before the board, the defendants argued that the commission's Form 43 states "that it 'must be served [on] the [a]dministrative [l]aw [j]udge and [the claimant]' " and that "the mailbox rule suggests that the date of service is deemed to be the date of mailing." (Emphasis omitted.) Conclud-

ing that these arguments were flawed, the board upheld the finding of preclusion. This appeal followed.

On appeal, the defendants claim that, pursuant to the mailbox rule, mailing a Form 43 within the twenty-eight day statutory period satisfies the requirements of § 31-294c (b). They argue that the definition of the mailbox rule, guidance from title 31 of the Regulations of Connecticut State Agencies, and the legislature's intent with respect to the workers' compensation statutes all compel a conclusion that the filing of a Form 43 is effective on the date of mailing and not the date of receipt. In response, the plaintiff contends that, although the mailbox rule could apply if a statute requires notice, issuance, or mailing, it cannot apply when, as here, the statute requires filing. Filing, according to the plaintiff, requires receipt, and to conclude otherwise would, in contravention of the intent of the statute, create delays and leave claimants in limbo. See, e.g., *Russell* v. *Mystic Seaport Museum, Inc.*, 252 Conn. 596, 610–11, 748 A.2d 278 (2000) (observing that § 31-294c sought to correct, among other things, delays by employers or insurers in payment of benefits). We agree with the plaintiff and conclude that the employer did not meet its statutory obligation pursuant to § 31-294c (b) because the commission did not receive the forms on or before the twenty-eighth day after the employer received written notice of the plaintiff's claims.

We begin with the principles that govern our standard of review in workers' compensation appeals, which are well established. "[A]though not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the] board. . . . We have determined, [however], that the traditional deference accorded to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmen-

tal agency's time-tested interpretation . . . ." (Internal quotation marks omitted.) *Vitti* v. *Milford*, 336 Conn. 654, 659, 249 A.3d 726 (2020). Because the defendants do not challenge a time-tested interpretation of the workers' compensation statutes, "[w]e . . . apply plenary review and established rules of construction." (Internal quotation marks omitted.) Id., 660; see also General Statutes § 1-2z.

Beginning with the statutory language, as required by § 1-2z, we observe that § 31-294c (b) provides in relevant part: "Whenever liability to pay compensation is contested by the employer, he *shall file* with the administrative law judge, *on or before the twenty-eighth day* after he has received a written notice of claim, a notice . . . stating that the right to compensation is contested . . . ." (Emphasis added.) Because the word "file" is not defined by the statutory scheme, we construe it according to its "commonly approved usage"; General Statutes § 1-1 (a); by looking to its dictionary definition. See, e.g., *Commission on Human Rights & Opportunities* v. *Edge Fitness, LLC*, 342 Conn. 25, 32, 268 A.3d 630 (2022). At the time the legislature passed the 1993 amendments to § 31-294c,[4] "file" was defined in relevant part as "[t]o *deliver* an instrument or other paper to the proper officer or official for the purpose of being kept on file by him as a matter of record and reference in the proper place. . . ." (Emphasis added.) Black's Law Dictionary (6th Ed. 1990) p. 628; see also Webster's Third New International Dictionary (1993) p. 849 (defining "file" in relevant part as "to *deliver* (as a legal paper or instrument) . . . to the proper officer for keeping on file or among the records of his office" (emphasis added)). According the word "file" its ordinary meaning, we are satisfied that, under § 31-294c (b),

---

[4] The language set forth in § 31-294c (b) originated in No. 93-228, § 8, of the 1993 Public Acts. The legislature subsequently made a minor technical change to that subsection in No. 93-419, § 8, of the 1993 Public Acts.

it is plain and unambiguous that a notice of intention to contest compensation must be delivered, not just mailed, to the administrative law judge on or before the twenty-eighth day after the employer received written notice of claim.

Beyond the definition of the word "file," § 31-294c (b) contains contextual clues that reinforce our conclusion that the legislature intended the word "file" to require receipt by the commission. In addition to requiring the employer to file the notice with the commission, subsection (b) requires the employer to "*send* a copy of the notice to the employee in accordance with section 31-231." (Emphasis added.) General Statutes § 31-294c (b). The word "send" means, in relevant part, "to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed . . . ." Black's Law Dictionary, supra, p. 1361; see also Webster's Third New International Dictionary, supra, p. 2065 (defining "send" in relevant part as "to cause (something) to be conveyed or transmitted by an agent to a destination"). We conclude that, if the legislature had wanted, as the defendants argue, for an employer to satisfy its statutory obligation by simply mailing the notice, it could have used the word "send," just as it did in the same subsection with respect to providing notice to the employee. See, e.g., *Stafford* v. *Roadway*, 312 Conn. 184, 194, 93 A.3d 1058 (2014) ("[i]t is a well settled principle of statutory construction that the legislature knows how to convey its intent expressly" (internal quotation marks omitted)). Instead, the legislature used the word "file," the plain meaning of which requires an employer to do more than place the notice in the mail. "[T]he use of the different terms . . . within the same statute suggests that the legislature acted with complete awareness of their different meanings . . . and that it intended the terms to have differ-

ent meanings . . . ." (Internal quotation marks omitted.) *Felician Sisters of St. Francis of Connecticut, Inc.* v. *Historic District Commission*, 284 Conn. 838, 850, 937 A.2d 39 (2008).

The defendants nonetheless argue that the mailbox rule renders the acts of "filing" and "mailing" the same thing.[5] We are not persuaded. The mailbox rule is a common-law principle that "provides that a properly stamped and addressed letter that is placed into a mailbox or handed over to the United States Postal Service raises a rebuttable presumption that it will be received." *Echavarria* v. *National Grange Mutual Ins. Co.*, 275 Conn. 408, 418, 880 A.2d 882 (2005). Even if that rule did apply in the present case, the presumption that the Form 43 would be received is not enough for the employer to meet its statutory obligation pursuant to § 31-294c (b). Put differently, a Form 43 must be delivered to the administrative law judge on or before the twenty-eighth day after the employer has received a written notice of claim in order to be timely filed under § 31-294c (b). A presumption that the form will be received does not raise a presumption that the form will be received timely.

The decision of the Compensation Review Board is affirmed.

In this opinion the other justices concurred.

---

[5] We note that the definition of "mailbox rule" cited by the defendants is not contemporary to the passage of No. 93-228, § 8, of the 1993 Public Acts, which enacted the language at issue in § 31-294c. See, e.g., *Ledyard* v. *WMS Gaming, Inc.*, 338 Conn. 687, 697, 258 A.3d 1268 (2021) ("in the absence of statutory definitions, we look to the *contemporaneous* dictionary definitions of words to ascertain their commonly approved usage" (emphasis added)). The Black's Law Dictionary definition of mailbox rule when the legislature passed the act provided: "In contract law, unless otherwise agreed or provided by law, acceptance of offer is effective when deposited in mail if properly address." Black's Law Dictionary, supra, p. 952.